**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 10, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CLIFFORD HOLLINGSWORTH,

    Defendant-Appellant.

No. 06-3165

(D.C. No. 03-10175-MLB)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant challenges the district court's denial of his Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) request for grand jury documents. That subsection allows for the disclosure of grand jury documents "at the request of a defendant who shows that a ground may exist to dismiss the indictment because

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of a matter that occurred before the grand jury . . . ." The district court found that Appellant had not offered any real explanation for the request and, as a result, had not met his burden.[1] Order, 1 (D. Kan. Apr. 20, 2006). The decision to disclose grand jury proceedings is firmly within the district court's discretion. *See Douglas Oil Co. of Calif. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979) ("Moreover, we emphasize that a court called upon to determine whether grand jury transcripts should be released necessarily is infused with substantial discretion.").

We have reviewed Appellant's brief, the record, and the district court's order. We cannot say that the district court abused its discretion when denying Appellant's motion, and we therefore **AFFIRM** the district court's denial of the motion. Appellant's motion for transmission and inspection of the record is **DENIED**.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1] Appellant argues that the district court lacked subject matter jurisdiction for failure to comply with Federal Rule of Criminal Procedure 6(f). He seeks disclosure of grand jury documents—a matter governed by Federal Rule of Criminal Procedure 6(e)(3)(E)(ii)—to support his jurisdictional argument. We note that the record on appeal clearly reflects the three-count indictment signed by the grand jury foreman.